STATE *vs.* M. B. STRIAR.

Sagadahoc.    Opinion October 5, 1922.

*Misnomer should be raised by a plea in abatement.    A respondent having appeared in*
*his own proper person and described himself in his demurrer, and signed it by*
*the same name inserted in the complaint, must be held to have admitted*
*that he was correctly described in the complaint, and inasmuch*
*as judgment must be rendered upon the whole record*
*and not upon the complaint alone, the com-*
*plaint must be adjudged good*
*upon demurrer.*

The respondent was described in the complaint as "M. B. Striar whose full and correct name is to the complainant unknown, of Bangor." To this complaint the respondent, appearing in his own proper person, and not by attorney, demurred, describing himself in his demurrer, and subscribing it as M. B. Striar.

*Held:*

That having appeared in his own proper person and described himself in his demurrer, and signed it by the name of M. B. Striar, he must be held to have admitted thereby that either M. B. Striar is his full and correct name, or as to his surname and initials, he was correctly described in the complaint.

That upon such an admission, inasmuch as judgment must be rendered upon the whole record and not upon the complaint alone, the complaint must be adjudged good upon demurrer.

That if the respondent wished to raise the issue by pleading to the complaint that the name by which he is described is not his full and correct name, it should have been done by plea in abatement.

On exceptions. The respondent was arrested on a complaint and warrant alleging illegal possession of intoxicating liquor. In the complaint the name of the respondent appeared as follows:— "That M. B. Striar whose full and correct name is to your complainant unknown of Bangor in the County of Penobscot and State of Maine." The respondent appeared in person, not by attorney, and filed a demurrer to the complaint, and subscribed it as M. B. Striar. The demurrer was overruled by the presiding Justice and respondent excepted. Exceptions overruled. Judgment for the State.

The case is stated in the opinion.

*Arthur J. Dunton*, County Attorney, for the State.

*Edward P. Murray*, for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

WILSON, J. A complaint against the respondent for having in possession intoxicating liquors in which he was described as "M. B. Striar whose full and correct name is to your complainant unknown, of Bangor," etc. The respondent, when arrested and brought into court, demurred to the complaint. The demurrer was overruled and the case comes to this court on the respondent's exceptions. There is no merit in his contention and the exceptions must be overruled.

A respondent, it is true, is entitled to have a complaint or indictment describe him by his full and correct name, or if unknown, to so describe him by physical characteristics, sex, residence or otherwise as to identify him. This is essential to enable the officer to apprehend the proper person, and also to enable the accused to maintain in case of conviction, a plea of former jeopardy in case of a second charge for the same offense, as well as to comply with the provisions of the constitution. Article I, Section 5.

The respondent in this case, however, instead of taking the usual course in cases of misnomer, and pleading in abatement, seeks by a demurrer to take advantage of what is no doubt a loose way of describing a respondent when his full christian name is unknown. His contention is that by the addition of the general clause, "whose full and correct name is to your complainant unknown" is in effect an admission by the State that M. B. Striar is in no part his true name, but on the contrary must be regarded as though a fictitious name, and, therefore, upon the authority of *Com.* v. *Crotty*. 10 Allen, 403, the complaint is bad.

Whether a warrant issued in this form would have been a protection for the officer arresting the respondent is not in issue here, as it was in *Com.* v. *Crotty*, supra, *Harwood* v. *Siphers*, 70 Maine, 464, and in other of the cases cited in the respondent's brief. Upon plea in abatement setting forth his full and correct name, unless he failed to show, if the issue was joined by the State, that he was not also known by the name of M. B. Striar, the complaint would have been abated.

Respondent, however, comes into court "in his own proper person," and in his pleadings describes himself as M. B. Striar and signs his pleadings by the same name.    In case of a demurrer, judgment is not given on the complaint or indictment alone, but upon the whole record.    Chitty on Pleadings, Volume 1, Page 701.    *State* v. *Wasilenskis,* 114 Maine, 91.    Any admissions, therefore, made in respondent's own pleadings must be taken against him.    His appearance in his own proper person, and describing himself in his demurrer as M. B. Striar, and signing it in the same form, must be held to be an admission that either it is his full and correct name or that as to his surname and initials he was correctly described in the complaint.

Upon such an admission the complaint must be held to be good on demurrer.    As this court said in *State* v. *Cameron,* 86 Maine, 196; "Letters of the alphabet, consonants as well as vowels, may be sufficient to distinguish different persons of the same surname." Also see *State* v. *Wasilenskis,* supra.    It is also a familiar rule of criminal pleading that a complaint or indictment describing the respondent by his surname and initials may be good  upon  two grounds, first, it may be his true and full name, second, if not, he may be known by the abbreviated name as well as by his full name. *State* v. *Libby,* 103 Maine, 147.    In either event the issue can only be raised by a plea in abatement; and the complaint or indictment is good on demurrer, as was held in *State* v. *Cameron,* supra, and *State* v. *Wasilenskis,* supra.

*Exceptions overruled.*
*Judgment for the State.*